THE STATE v. CAMP, *Appellant*.

Division Two, November 19, 1895.

Criminal Law: BURGLARY: APPEAL. Where the evidence shows that defendant, who was convicted of burglary in the first degree, is guilty beyond a reasonable doubt, and it appears that he had an impartial trial with assistance of efficient counsel, and that the instructions were fair, the judgment of conviction will be affirmed on appeal.

*Appeal from St. Louis Criminal Court.*—HON. HENRY L. EDMUNDS, Judge.

AFFIRMED.

*R. F. Walker*, attorney general, and *C. O. Bishop* for the state.

(1) The indictment is in the approved form and sufficient. (2) The court committed no error in its rulings on the evidence. (3) The court did not err in denying defendant a new trial.

BURGESS, J.—At the July term, 1894, of the St. Louis criminal court defendant was convicted of burglary in the first degree, under an indictment against him which had theretofore been returned by a grand jury of said city. He was charged with breaking and entering the dwelling house of one Eliza Eager, in which there was at the time, a human being, with intent to steal. His punishment was fixed at ten years' imprisonment in the state penitentiary. From the judgment and sentence he appealed.

On the first day of June, 1894, at about 11 o'clock in the forenoon, Mrs. Eliza Eager was alone in her room on the second floor in a dwelling house occupied by her as such at the corner of Olive street and Vandeventer avenue in the city of St. Louis, when she heard something rattling at the outside door of the room which was locked, as if trying to get in. The door was about that time unlocked from the outside, when defendant entered her room with some keys in his hand. On being asked by Mrs. Eager what he wanted, he said that he had "come to put down some carpets." When his attention was called by Mrs. Eager to the fact that the carpets were all down and she asked him where he got the keys that would open the doors of her house, he replied

that they had been given to him by the lady who had sent him to lay the carpets. On being asked by Mrs. Eager to let her see the keys he declined to do so and put them in his pocket. She stated that they were long, thin keys. Defendant then claimed to have gotten into the house by mistake and said that he had been sent to rooms over a grocery store on Washington avenue and Vandeventer avenue. Mrs. Eager let him out by unbolting and unlocking the rear door, leading into the house which she found to be locked.

There were but two ways of entrance from the outside, to that part of the house occupied by Mrs. Eager, by the front door on Olive street, then up a flight of stairs, or by a rear door on Vandeventer avenue, the rear door being at the head of an outside covered stairway from the back yard. Both of these doors were locked.

On being arrested about 12 o'clock on the same day in the dining room on the second floor of a building on Washington avenue, where he claimed to be looking for a doctor (although there was no doctor in that building) he was taken to the police station where he was searched, and upon his person were found five skeleton keys, which he said that he had picked up on the street; that they were of no account and wouldn't open anything. The keys were not introduced in evidence on the trial.

Defendant testified in his own behalf substantially as follows: That he was born and brought up in Meridien, Connecticut; had spent some time in Brooklyn; then in Chicago; had no particular occupation; worked at laying carpets sometimes, and in Chicago had been hanging incandescent light wires for an underground cable company; came to St. Louis from Decatur, Illinois, on June 1, 1894, arriving at 7:35 A. M.; did not get a room; was in the neighborhood of Vandeventer

avenue and Olive street, looking for work out that way, laying carpets for people who were moving; saw a furniture van standing before the side door of this house; walked up through the covered stairway above mentioned, and entered the house through the rear door, which was open, and saw articles heaped up as though there was moving going on; knocked three times at the first door he came to in the hall, which was opened by Mrs. Eager herself, who appeared to have been engaged at her toilet. He had some conversation with her about laying carpets, and she accounted for the condition of the house by saying that she was just moving out. He had a yard measure in his hand and no keys at all. After talking with her pleasantly for about fifteen minutes, he withdrew.

On leaving the house he got sick, felt dizzy, and, on stepping across the gutter, fell and broke the yard stick; was directed by someone to a doctor on Washington avenue, and was looking for this doctor in the house when he was caught. The keys taken from him were common-door keys which he had brought with him from his last rooming place in Chicago. One of them might have been filed, but the other three were not. Defendant is not represented in this court.

An examination of the facts and circumstances connected with this case, as disclosed by the record before us, fully satisfies us that this appeal is wholly and entirely without merit. The evidence showed defendant to be guilty of burglary in the first degree, even beyond a possibility. Indeed, there was no room for doubt on that question. He had a fair and impartial trial, was represented by efficient counsel learned in the law; and the instructions were evidently fair. The sufficiency of the indictment was not questioned in the motion in arrest, and is clearly good. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.